

FILED

DEC 1 8 2015

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA– NORFOLK DIVISION

| | | |
|---|---|---|
| Terry Reese, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15cv 550 |
| | § | |
| Seaspan Ship Management, Ltd. and | § | |
| MOL (America), Inc., | § | |
| | § | |
| Defendants. | § | |

### Plaintiff's Original Complaint

NOW COMES, Plaintiff Terry Reese ("Plaintiff"), by counsel, and complains of Seaspan Ship Management, Ltd. and MOL (America), Inc. (collectively referred to as "Defendants") and would respectfully show the Court that:

### I.

### Jurisdiction and Venue

1.    Plaintiff's claims against Defendants are maintained under the General Maritime laws of the United States, and 33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act.  Reese invokes the Court's diversity jurisdiction to hear this matter under 28 U.S.C. § 1332 because this matter is between citizens of different states and/or subjects of a foreign country and the amount in controversy exceeds $75,000. Plaintiff does not invoke the Court's admiralty jurisdiction within Rule 9(h) of the Federal Rules of Civil Procedure and does not elect to proceed under this rule.

2.    Venue is proper in this District because a substantial portion of the events giving rise to this case took place within this District.

II.

Parties

3.      Plaintiff is a resident of Virginia.

4.      Defendant Seaspan Ship Management, Ltd. ("Seaspan") is a foreign corporation that operates in this district. Further this Defendant's operations within this district are directly related to the events made the basis of this lawsuit, subjecting this Defendant to the specific jurisdiction of this Court. This Defendant may be served through the Hague Convention at its principal office 2600-200, Granville, Vancouver, British Columbia V6C 1S4, Canada. Seaspan operates, manages, and/or charters ships, including the M/V MOL EFFICIENCY, which operate in various foreign and domestic ports, including this district.  Seaspan was the owner, and/or operator of the M/V MOL EFFICIENCY at the time of the incident, and at all relevant times.

5.      Defendant MOL (America), Inc. ("MOL") is a foreign corporation with a principal place of business in New Jersey that operates in this district. Defendant MOL (America), Inc. owns and/or operates the M/V MOL EFFICIENCY.  This Defendant's operations within this district are directly related to the events made the basis of this lawsuit, subjecting this Defendant to the specific jurisdiction of this Court. This Defendant may be served through its registered agent CT Corporation System at 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

### III.

### Nature of the Action

6.      On or about January 4, 2014, Plaintiff was employed by CP&O, LLC as a stevedore working at a port in or around Norfolk, Virginia. On that date, Plaintiff was

ordered to gain access to the M/V MOL EFFICIENCY to perform stevedore activities. The M/V MOL EFFICIENCY is a vessel owned and/or operated by Defendants. Plaintiff suffered severe and debilitating injuries when he was caused to fall on dangerous surfaces of the M/V MOL EFFICIENCY deck. The Defendants had previously attempted to haphazardly clear ice from the deck, however failed to adequately clear the area to make it safe to maneuver. Unfortunately, Plaintiff was caused to fall resulting in significant injuries to his back, shoulders, neck and other parts of his body. Plaintiff has undergone, and will continue to undergo into the foreseeable future, serious medical treatment, including having already undergone multiple surgeries.

7.      Defendants are negligent and grossly negligent for the following reasons:

      a.      failing to train their employees;

      b.      failing to inspect, maintain, and repair their vessel and its appurtenances;

      c.      failing to provide a safe walking surface;

      d.      failing to maintain a safe work environment;

      e.      failing to provide appropriate medical attention;

      f.      violating OSHA, MMS, USCG and/or other applicable regulations;

      g.      failing to warn Plaintiff of dangers hidden aboard the vessel;

      h.      failing to maintain their vessel;

      i.      violating their 905(b) duties;

j.     other acts deemed negligent and grossly negligent.

8.     As a result of these occurrences, Plaintiff sustained severe and permanent injuries.  These occurrences and injuries occurred as a proximate result of Defendants' negligence, in whole or in part, and as a proximate result of the initial acts, negligence, lack of attention, and intentional and/or reckless acts on the part of Defendants, their agents, servants and/or employees acting in the course and scope of their employment and agency.

9.     Further as a result of these occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

10.     Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent.  Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety.  Defendants were subjectively aware of the extreme risk posed by the conditions which caused Plaintiff's injury, but did nothing to rectify them. Instead, Defendants had Plaintiff and other crew members continue working despite the dangerous conditions that were posed to them.  Defendants did so knowing that the conditions posed dangerous and grave safety concerns.  Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others.  Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk by allowing Plaintiff to work under such dangerous

4

conditions.

## IV.

### Jury Trial

11.    Plaintiff hereby requests a trial by jury on all claims.

## V.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which Plaintiff show himself justly entitled including but not limited to:

a.  Past and future medical care;

b.  Past and future pain and suffering and mental anguish;

c.  Past and future impairment;

d.  Past and future disfigurement;

e.  Pre and post judgment interest;

f.  Costs of court;

g.  Exemplary damages; and

h.  Past and future loss of earning capacity.

Shuttleworth, Ruloff, Swain, Haddad & Morecock

Charles B. Lustig,

VSB # 29442
317 30th Street
Virginia Beach, VA 23451
(757) 671-6057 (phone)
(757) 671-6004 (fax)
clustig@srgslaw.com


Kyle Findley (*pro hac vice* application pending)
Texas Bar No. 24076382
Cesar Tavares (*pro hac vice* application pending)
Texas Bar No. 24093726
Arnold & Itkin LLP
6009 Memorial Drive
Houston, TX 77007
(713) 222-3899 (phone)
(713) 222-3850 (fax)
kfindley@arnolditkin.com
ctavares@arnolditkin.com

Counsel for Plaintiff